IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILMINGTON HOUSING AUTHORITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 23-520-RGA |
| ) | |
| NASEER ALI-BEY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 14th day of November, 2023, having considered Plaintiff's motion to dismiss, or in the alternative to remand (D.I. 6), which is fully briefed (D.I. 7, 8, 9);

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand (D.I. 6) is **GRANTED**.

2. This case is **REMANDED** to the Delaware Justice of Peace Court.

On September 23, 2022, Defendant Wilmington Housing Authority filed this summary possession action in the Delaware Justice of Peace Court against Plaintiff. *See Wilmington Housing Authority v. Naseer Ali-Bey*, C.A. No. JP13-22-011032 (Del. J.P. Ct.).[1] On February 8, 2023, a Judgment for Possession (by default) was entered in Defendant's favor. Plaintiff filed a motion to set aside default judgment, which was denied on May 11, 2023. On May 12, 2023, a writ of possession was issued. On May

---

[1] The state court docket is available online at:

https://courtconnect.courts.delaware.gov/cc/cconnect/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=JP13-22-011032&begin_date=&end_date=

19, 2023, Plaintiff was evicted. On May 15, 2023, after the writ of possession was issued but before Plaintiff was evicted, he filed his notice of removal to this Court.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is *pending*." 28 U.S.C. § 1441(a) (emphasis added); *see also* § 1446 ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is *pending* a notice of removal . . . .") (emphasis added).

This action was arguably no longer pending when Defendant removed it, given that judgment had been entered in Plaintiff's favor and a writ of possession had been issued. Thus, on that basis, this Court must remand the matter to state court. *See* 28 U.S.C. § 1447(c); *Smith v. Toyota Motor Sales, U.S.A. Corp.*, 2007 WL 1585157, at *3 (D.N.J. May 31, 2007); *see also Castano v. Signature Flight Support LLC*, 2022 WL 17070123, at *3 (D.N.J. Oct. 27, 2022 (collecting cases).

In any event, Defendant's May 2023 notice of removal was untimely as it was not filed within 30 days of his receipt of the initial pleading (which was filed in September 2022).[2] *See* 28 U.S.C. § 1446(b)(1). Alternatively, on that basis, this Court must remand the matter to state court.

_____
United States District Judge

---

[2] The J.P. docket reflects that Defendant filed a motion to dismiss on January 20, 2023.